IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.           ) | **CRIMINAL NO. 97-0157-WS** |
| ) | |
| **ALAN ODOM,**      ) | |
| ) | |
| Defendant.    ) | |

**ORDER**

This matter is before the Court on defendant Alan Odom's Motion for Reconsideration (doc. 236). On April 14, 2006, the undersigned entered an Order (doc. 235) explaining that Odom's newly-filed attempt to obtain habeas relief from his conviction and sentence under Count Nine constituted a second or successive § 2255 petition, as to which he had failed to satisfy the procedural prerequisites of 28 U.S.C. § 2244(b)(3). *See, e.g., Washington v. United States*, 2006 WL 777676, *2 (11th Cir. Mar. 28, 2006) ("Without authorization from this Court, then, a district court lacks jurisdiction to consider a successive § 2255 motion."); *Fugate v. Department of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002) (similar).

In his Motion for Reconsideration, Odom objects that the habeas claims he wishes to present concerning Count Nine are not governed by the strictures of § 2244(b)(3) because they relate to a different trial. Petitioner explains that there were two different trial proceedings in this case relating to two different church burnings. The court file confirms that Judge Vollmer severed Counts One through Five from Counts Six through Ten as to Odom, such that there were two jury trial proceedings, one for Counts 1-5 (the "St. Joe Trial") and the other for Counts 6-10 (the "Tate Trial"). These trials happened in immediate succession in late October and early November 1997. According to Odom, his present § 2255 request for relief as to Count Nine is not properly characterized as a second or successive petition, because his initial § 2255 petition filed July 12, 2002 was confined to the St. Joe Trial while this request for relief relates exclusively to the Tate Trial.

The fatal defect with Odom's attempt to sidestep the statutory restrictions on second and

successive § 2255 petitions in this manner is that there is only one Judgment against Odom. Specifically, on March 12, 1998, Judge Vollmer entered a Judgment (doc. 170) adjudging Odom guilty of Counts One, Four, Five and Nine, and sentencing him to a term of imprisonment of 180 months, consisting of 41 months on Count 1, 60 months on Counts 4 and 9 (to run concurrently with each other and with the sentence on Count 1), and 120 months on Count 5 (to run consecutively with the sentences on the other counts).  Thus, while these criminal proceedings were severed into the St. Joe Trial and the Tate Trial, there was only one Indictment, only one assigned criminal case number, only one sentencing hearing, and only one Judgment from which direct appeal was taken and as to which § 2255 relief might be sought.  Odom unsuccessfully pursued § 2255 relief against that Judgment back in 2002.  The undersigned is aware of no reason why he could not have collected all of his claims for post-conviction relief for both the St. Joe Trial and the Tate Trial (including those relating to Count Nine) in a single § 2255 petition. Indeed, he was legally obligated to do so.  Odom's new claims as to Count Nine plainly constitute a second attempt to attack collaterally the same underlying Judgment, and therefore fall squarely within the strictures of § 2244(b)(3).  To hold otherwise would be to ignore the plain language of § 2244(b)(3), and would inject an exception to the "second or successive" provisions that would undermine the clear intention of Congress as expressed in the Antiterrorism and Effective Death Penalty Act of 1996.

       The Motion for Reconsideration (doc. 236) is **denied**.

       DONE and ORDERED this 1st day of May, 2006.


                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE